18-3115-cr
*United States v. Hilliard*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand nineteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                            No. 18-3115-cr

JERMAINE DRAYTON, JESENIA FIELDS, LEON FOUNTAIN, AKA TIGER,

*Defendants*,

ROSHEEN HILLIARD, AKA NYCE, AKA GHOST, AKA CUTT, AKA DADDY,

*Defendant-Appellant*.

---

For Appellee:                                    GILLIAN GROSSMAN, Assistant United States Attorney (Maurene Comey, Won S. Shin,

Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                    JAMES R. DEVITA, ESQ., White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Rosheen Hilliard appeals from a judgment of conviction entered on October 12, 2018 by the United States District Court for the Southern District of New York (Briccetti, *J.*) imposing a sentence consisting principally of 108 months' imprisonment for conspiring to distribute 100 grams or more of heroin under 21 U.S.C. §§ 846 and 841(b)(1)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hilliard argues that the district court's failure to exclude evidence of twelve controlled purchases of heroin from cooperating witness Juan Montero ("the Montero Purchases") resulted in a prejudicial variance between the indictment and proof at trial and a constructive amendment of the indictment requiring reversal of his conviction. "A variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." *United States v. Lebedev*, 932 F.3d 40, 54 (2d Cir. 2019).[1] "Reversal is only warranted for a variance if the defendant shows both: (1) the

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

2

existence of a variance, and (2) that substantial prejudice occurred at trial as a result." *Id.* "[W]e will reverse on account of a variance only if it prejudices the defendant by infringing on the substantial rights that indictments exist to protect—to inform an accused of the charges against him so that he may prepare his defense and to avoid double jeopardy." *United States v. Kaplan,* 490 F.3d 110, 129 (2d Cir. 2007).

By contrast, "[a] constructive amendment occurs when the charge upon which the defendant is tried differs significantly from the charge upon which the grand jury voted." *Lebedev*, 932 F.3d at 53. "To succeed on such a claim, a defendant must demonstrate that the proof at trial or the trial court's jury instructions so altered an *essential element* of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *Id.* "We have consistently permitted significant flexibility in proof, provided that the defendant was given *notice* of the *core of criminality* to be proven at trial." *Id.* "The core of criminality of an offense involves the essence of a crime, in general terms; the particulars of how a defendant effected the crime falls outside that purview." *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012). "We review *de novo* a properly preserved claim that an indictment was constructively amended or prejudicially varied." *Lebedev*, 932 F.3d at 53.

Here, there is no variance or constructive amendment because evidence of the Montero Purchases is direct evidence of the charged conspiracy and is encompassed by the plain terms of the indictment. That Hilliard was ultimately convicted of a lesser-included offense does not change the analysis. *See generally United States v. Taylor*, 816 F.3d 12, 17–19 (2d Cir. 2016). Hilliard's contention that the introduction of evidence of the Montero Purchases caused him

substantial prejudice because it did not form part of the government's case against him before the grand jury also lacks merit. "[T]he Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." *United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir. 1983). Moreover, Hilliard had notice of the government's intention to use this evidence at least two weeks before trial and the evidence was the subject of motions practice.

Hilliard also argues that the district court abused its discretion in failing to exclude evidence of the Montero Purchases as irrelevant and prejudicial under Federal Rule of Evidence 403. Our review of a district court's evidentiary rulings "is highly deferential in recognition of the district court's superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *United States v. Gabinskaya*, 829 F.3d 127, 134 (2d Cir. 2016). We find no abuse of discretion in the district court's determination that the probative value of this evidence is high and that it tends to illuminate the issues in the case rather than mislead the jury, waste time, lead to undue delay, or constitute cumulative evidence. Hilliard's arguments about his lack of connection to the Montero Purchases and Montero's credibility concern the weight of the evidence, not its admissibility.

Finally, Hilliard argues that the district court committed procedural error by declining to apply a two-level adjustment for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines. Section 3E1.1(a) provides for a two-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." "Whether a defendant has carried his burden to demonstrate acceptance of responsibility is a factual question on which we defer to the district court unless its refusal to accord such consideration is without

4

foundation." *United States v. Broxmeyer*, 699 F.3d 265, 284 (2d Cir. 2012).

Here, the record supports the district court's denial of an adjustment for acceptance of responsibility. The Commentary to the Guidelines clarifies that the adjustment is ordinarily not available to a defendant, like Hilliard, who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2 (2018). Although the adjustment can apply in "rare situations" after a trial, the determination must then "be based primarily upon pre-trial statements and conduct." *Id.* Here, although Hilliard admitted at trial to selling drugs, the district court correctly found that Hilliard had not clearly accepted responsibility for his participation in a conspiracy to distribute 100 grams or more of heroin before or during trial.

We have considered Hilliard's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk